IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
MAR 11 A 11: 06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Chris Martin, | : |
| | : |
| Plaintiff, | : Civil Action No.: 2:15-CV-00157-WHA-WC |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Nationwide Credit Corporation; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| | : |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Chris Martin, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Chris Martin ("Plaintiff"), is a person residing in Montgomery, Alabama.

5. Defendant Nationwide Credit Corporation ("Nationwide"), is a New Jersey business entity with an address of 1719 Route 10 East, Suite 108, Parsippany, New Jersey 07054,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Nationwide and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Nationwide at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Nationwide for collection, or Nationwide was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Nationwide Engages in Harassment and Abusive Tactics

12. Beginning in November, 2014, Nationwide contacted Plaintiff in an attempt to collect the Debt.

13. Nationwide placed calls to Plaintiff's residential telephone number in an attempt to reach the Debtor, "Crystal Scott", an individual unknown to Plaintiff.

14. During the initial conversation taking place in November, 2014, Plaintiff informed the Collector that he did not know the Debtor, and that Nationwide was calling the

2

wrong number. Plaintiff then requested that the calls to him cease. Nationwide responded by stating that they would take Plaintiff's number out of their records.

15. Without Plaintiff's consent, Nationwide placed over ten additional calls to Plaintiff after his original request for them to cease.

16. Furthermore, during a conversation taking place on December 19, 2014, Plaintiff again informed the Collector that that Nationwide was calling the wrong number, and requested the calls cease.

17. Despite Plaintiff's requests, Nationwide continued to harass Plaintiff with calls attempting to reach the Debtor.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

3

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ALABAMA DECEPRIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 *et seq*.

29. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual or statutory damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10 against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10 against the Defendants;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 9, 2015

Respectfully submitted,

By _____
Curtis R. Hussey (HUS004)
Hussey Law Firm, LLC
10 N. Section Street #122
Fairhope, Alabama 36532-1896
Telephone: (251) 928-1423
Facsimile: (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff
Chris Martin