IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS MARTIN, | ) |
|            Plaintiff, | ) |
| v. | ) Civil Action No. 2:15cv157-WHA |
| NATIONWIDE CREDIT CORPORATION; et. al., | ) (wo) |
|            Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #18), filed by the Defendants.

The Plaintiff filed a Complaint in this case on March 11, 2015.  In the Complaint he brings claims for violations the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1 (Count II) against Nationwide Credit Corporation and fictitious parties ("Nationwide").

The court has federal question subject matter jurisdiction over the FDCPA claim and can exercise supplemental jurisdiction over the state law claim. 28 U.S.C. §1331; 28 U.S.C. §1367.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

**II.   MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of

a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

Someone other than the Plaintiff, Chris Martin ("Martin"), incurred a financial obligation to a creditor. The debt was purchased, assigned, or transferred to Nationwide for collection, or Nationwide was employed by the Creditor to collect the debt. The Defendants attempted to collect the debt and, in doing so, engaged in "communications" as defined in 15 U.S.C. §1692a(2) and Ala. Code §17-24-502(1).

Nationwide placed calls to Martin's residential telephone number in an attempt to reach the Debtor, identified as Crystal Scott. During the initial call, Martin informed Nationwide that he did not know the Debtor and was told that his number would be taken out of Nationwide's records. Ten additional calls were placed by Nationwide to Martin. Martin claims to have suffered humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## IV.  DISCUSSION

Nationwide moves to dismiss Martin's claims, stating that Nationwide denies that that there were continued calls.   Nationwide further states that its records reveal no calls made to Martin after the initial request by Martin that Nationwide not call his number again.

Martin responds that Nationwide's motion is inappropriate because the court cannot consider evidence outside of the pleadings in the context of a Rule 12(b)(6) motion.   Martin also contends that his claims are sufficiently pled.   Although given an opportunity to do so, Nationwide has not filed a reply to Martin's response in opposition.

The court agrees that Nationwide's Rule 12(b)(6) motion improperly relies on matters outside of the pleadings.   Fed. R. Civ. P. 12(b)(d); *see also Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).[1]   Because the only grounds for dismissal are based on Nationwide's statements in brief which refer to matters outside of the pleadings, the Motion to Dismiss is due to be DENIED.

## V.  CONCLUSION

For the reasons discussed, the Motion to Dismiss is due to be and is hereby ORDERED DENIED.

Done this 11th day of September, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court has not converted the motion to one for summary judgment because Nationwide relies solely on statements in its brief and does not cite to any evidence.